PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | CASE NO.  4:24-CV-1768 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN ANTHONY DAVIS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 60] |

Pending before the Court is *pro se* Plaintiff James Johnson's Motion for Reconsideration (ECF No. 60), which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. R. 54(b).  *See Pompy v. First Merchants Bank*, No. 24-1249, 2025 WL 2694801, at *10 (6th Cir. May 23, 2025).  Respondents oppose the motion.  ECF No. 61.  For the reasons stated herein, Plaintiff's motion is denied.

## I.     BACKGROUND

The Court entered a Memorandum of Opinion and Order granting in part, denying in part, Defendants' Motion to Dismiss the Amended Complaint.  ECF No. 53.  First, the Court determined Plaintiff's claims under 42 U.S.C. § 1983 relating to a sewage backup that flooded his housing unit at Trumbull Correctional Institute ("TCI") in May 2021 were barred by Ohio's two-year statute of limitations because—even applying the discovery rule—Plaintiff was aware of his injury (*i.e.*, painful foot lesions) and its cause (*i.e.*, exposure to sewage and wastewater) within days of the incident.  ECF No. 53 at PageID ##: 336–38.  Because those claims were time-barred, Plaintiff's Motions for Default Judgment as to Defendants Hill and Lucas were

(4:24CV1768)

dismissed as moot.  ECF No. 53 at PageID ##: 338–39.  Second, Plaintiff's retaliation claim against Defendant Jackson was dismissed because it was based on *respondeat superior*.  ECF No. 53 at PageID #: 339.  Third, the Court dismissed Plaintiff's retaliation claims against Defendants Stewart and Turuck because Plaintiff failed to establish a causal connection between the alleged adverse action and his protected activity (*i.e.*, filing this suit).  ECF No. 53 at PageID ##: 341–43.  Finally, the Court denied Defendants' Motion to Dismiss as to Defendant Smallwood and Hickle, concluding Plaintiff sufficiently pled retaliation and deliberate indifference claims.  ECF No. 53 at PageID ##: 335–49.

Plaintiff now moves for reconsideration arguing the Court erred in calculating the accrual period began his § 1983 claims concerning the May 2021 flood.  ECF No. 60.  Restating arguments raised against the Motion to Dismiss, Plaintiff insists the accrual period commenced in August 2023 when he was diagnosed with spongiotic dermatitis.  He argues that he was intentionally misled by TCI medical staff to believe his foot pain and lesions were merely athlete's foot.  ECF No. 60 at PageID ##: 394–95.  As such, Plaintiff contends he did not know what his injury was—or what caused it—until receiving the 2023 diagnosis, therefore running the accrual period from 2023, not 2021.  He relies on these contentions to argue that his Motion for Default Judgment as to Defendants Hill and Lucas should be reinstated, reconsidered, and granted.  ECF No. 60 at PageID #: 396.

Defendants retort that Plaintiff is rehashing arguments already addressed and rejected by the Court.  ECF No. 61 at PageID #: 401–02.  On the merits, they insist that the "later refinement of [Plaintiff's] diagnosis" does not reset the accrual date for his claims to 2021.  ECF No. 61 at PageID #: 403.  Rather, Defendants argue the crux of Plaintiff's Eighth Amendment claims concern the alleged deprivation of essential food, medical care, sanitation, or the imposition of

2

(4:24CV1768)

intolerable conditions of confinement—not the extent of any injury relating to such conditions. ECF No. 61 at PageID #: 404–05 ("Whether plaintiff had athlete's foot or spongiotic dermatitis is not dispositive to his Eighth Amendment claim.").  In Defendants' estimation, the fact that Plaintiff was aware of, and sought medical attention for, his foot injury days after being exposed to sewage water was sufficient to start the accrual period for his Eighth Amendment claims. ECF No. 61 at PageID #: 405.

## II.  STANDARD OF REVIEW

Plaintiff styled his request as a Motion for Reconsideration.  ECF No. 60.  There is no Federal Rule of Civil Procedure permitting reconsideration.  *See Townsend v. Foley*, No. 1:21-CV-2264, 2024 WL 3532925, at *2 (N.D. Ohio July 25, 2024).  Courts may construe such an entry as a motion to amend or alter judgment under Fed. R. Civ. P. 59(e), or a motion to amend or alter an interlocutory order under Fed. R. Civ. P. 54(b).[1]  *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Pompy*, 2025 WL 2694801, at *10.  The standard under either rule is identical.  *Detrick v. KCS Int'l Inc.*, No. 5:24-cv-1154, 2025 WL 1697482, at *3 (N.D. Ohio June 17, 2025) (Barker, J.) (collecting cases).

Rule 54(b) is appropriate when an action contains multiple claims or parties that are not fully resolved via dismissal or summary judgment.  *See Williams v. Com. of Ky.*, 24 F.3d 1526, 1542 (6th Cir. 1994) ("appeals may be taken from final decisions on individual claims without waiting for final decisions on the rest of the claims.").  "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case

---

[1] As a *pro se* Motion, the Court holds Petitioner's pleadings to a "less stringent standard."  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).

(4:24CV1768)

before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Federal Rule of Civil Procedure 54(b) provides

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In practice, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D. Ohio 1998)). The moving party bears the burden of showing reconsideration is warranted. *Reed v. Gulf Coast Entpr.*, No. 3:15-cv-295, 2016 WL 3963187, at *2 (W.D. Ky. July 21, 2016) (citing *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009)). A Rule 54(b) motion is not an opportunity for a litigant to rehash arguments already considered and rejected by a court, or to proffer new evidence or arguments that could and should have been presented earlier. *Detrick*, 2025 WL 1697482, at *4 (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

### III.    DISCUSSION

Plaintiff's motion for reconsideration claims the Court committed clear error when ruling on the accrual period calculation. But Plaintiff does not identify any intervening change of controlling law or availability of new evidence. ECF No. 60. Rather, he argues the Court should

4

(4:24CV1768)

have applied the discovery rule and found that his diagnosis of spongiotic dermatitis started the clock on his § 1983 claims.  ECF No. 60 at PageID ##: 393–94.  This argument was already presented and rejected.  *See* ECF No. 21 at PageID ##: 165 – 68; ECF No. 36 at PageID #: 253–54; ECF No. 53 at PageID ##: 337–38.  Plaintiff has not shown that the Court committed clear error in applying the time-of-event rule to calculate the accrual period, or that the Court's discovery rule analysis was erroneous.

The Sixth Circuit explained in *Fonseca v. Consol. Rail Corp.* that

> Under the time-of-event rule, a cause of action is considered to have accrued the moment a tortious act occurs "[i]f greater than de minimus [*sic*] harm is discernable at the time of the tortious event." [*Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987)].  The time-of-event rule applies to situations in which a traumatic event occurs, resulting in a noticeable injury, even if the full manifestation of the harm remains latent. . .
>
> In contrast . . . the discovery rule is applied when no significant injury is discernable at the time of the tortious event, or if the cause of an injury is not apparent.  *See Hicks*, 826 F.2d at 1544.  Under the discovery rule, a cause of action is deemed to have accrued when "the plaintiff reasonable should have discovered both cause an injury." *Id*.  A prototypical discovery-rule case is one in which an occupational disease remains dormant long after a plaintiff is exposed to the causes of the injury.

246 F.3d 585, 588 (6th Cir. 2001).  Plaintiff's foot injury in this case was neither *de minimis* nor indiscernible.  In fact, Plaintiff sought medical attention shortly after the condition appeared. ECF No. 21.  The alleged injury was caused by a traumatic event, that is a prolonged exposure to sewage water without protection or sanitation.  ECF No. 21.  Although the "full manifestation of the harm remain[ed] latent" (*i.e.*, Plaintiff was not formally diagnosed with spongiotic dermatitis until 2023), *see Fonseca*, 246 F.3d at 588, Plaintiff had the necessary information to bring his claim within the two-year statute of limitations at the time the alleged violation occurred. Accordingly, the Court did not err in applying the time-of-event rule.

5

(4:24CV1768)

Plaintiff's argument that the discovery rule applies because he was misdiagnosed with athlete's foot is unpersuasive.  That rule applies when the injury itself is "dormant" or its cause is not readily apparent.  *See Fonseca*, 246 F.3d at 588.  Neither occurred here.  The Amended Complaint indicates Plaintiff experienced burning and itching on his foot that developed into painful lesions and required him to occasionally use a walking cane.  ECF No. 21.  The condition began sporadically occurring within days of the sewage backup in May 2021.  Such facts would alert a reasonable person to take action to protect their rights.  *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)).

Plaintiff attempts to circumvent these facts by arguing "athlete's foot" is not a "significant injury" nor was it "*his*"[2] injury because he was misdiagnosed.  ECF No. 60 at PageID #: 394.  As explained in the Court's Memorandum of Opinion and Order (ECF No. 53), it is immaterial that he did not have a diagnosis for his symptoms; what is material is (a) when Plaintiff became aware of his symptoms, which he experienced on and off beginning shortly after being exposed to sewage and wastewater, and (b) their potential cause, the May 2021 sewage backup.  Accordingly, even if the discovery rule applied, Plaintiff's claims are still time barred.  ECF No. 21 at PageID ##: 165–68.  Plaintiff has not shown that the Court erred in calculating the accrual period.  Therefore, his Motion for Reconsideration (ECF No. 60) is denied.  Furthermore, because his § 1983 claims flood are time barred, his Motion for

---

[2] Plaintiff's argument is unclear, but it appears he is arguing that, because he was allegedly misdiagnosed with athlete's foot, he was unaware of his actual injury.  As explained herein and in the Court's order of dismissal (ECF No. 53), the diagnosis is irrelevant because, while he may not have had a formal diagnosis, Plaintiff was aware of the injury itself (*i.e.*, the foot pain and lesions) and its potential cause (*i.e.*, the sewage backup in May 2021).

(4:24CV1768)

Reconsideration regarding his preceding Motions for Default Judgment as to Defendants Hill and Lucas is denied.

Finally, to the extent Plaintiff seeks reconsideration of the dismissal of his retaliation claim against Defendant Stewart, the arguments are not well taken.  Plaintiff acknowledges he failed to plead sufficient facts establishing that Defendant Stewart's actions were motivated by Plaintiff's litigation in the Ohio Court of Claims.  ECF No. 60 at PageID #: 396.  Because Plaintiff has shown no intervening change of controlling law, no newly discovered evidence, and no clear error, *see Rodriguez*, 89 F. App'x at 959, the Motion to Reconsider is denied.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 60) is denied.


IT IS SO ORDERED.


| March 5, 2026 | /s/ Benita Y. Pearson |
| --- | --- |
| Date | Benita Y. Pearson |
| | United States District Judge |

7