PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES JOHNSON,                        )
                                      )    CASE NO.  4:24-cv-1768
            Plaintiff,                )
                                      )
            v.                        )    JUDGE BENITA Y. PEARSON
                                      )
WARDEN EPPINGER *et al.*,             )
                                      )    **MEMORANDUM OF OPINION**
            Defendants.               )    **AND OPINION**
                                      )    [Resolving ECF Nos. 70, 71, 72, 73, 75, 76,
                                      )    and 77]

*Pro se* Plaintiff James Johnson filed several motions, which the Court resolves as follows:

1.     Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15.  ECF No. 70.  Pursuant to ECF No. 72, Plaintiff's Motion for Leave to Amend (ECF No. 70) is withdrawn.

2.     Motion for a Telephonic Status Conference regarding Plaintiff's transfer to the Lebanon Correctional Institute ("LCI").  ECF No. 71.  For the reasons explained below, the motion for a telephonic status conference is denied.

3.     Motion for Order to Enforce Plaintiff's access to the law library at LCI and Motion to Disregard Plaintiff's Motion for Leave to Amend the Complaint.  ECF No. 72.  The motion to enforce Plaintiff's access to the law library is denied, and his motion to disregard ECF No. 70 is granted.

(4:24CV1768)

   4.     Amended Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15.  ECF No. 73.  The motion is denied.

   5.     Motion for an Order to Treat All Filings as Legal Mail.  ECF No. 76.  The motion is granted.

   6.     Two Motions to Compel Discovery.  ECF No. 75 and ECF No. 77.  Defendants responded to and opposed Plaintiff's two motions to compel discovery.  ECF No. 78.  For the reasons explained below, Plaintiff's Motions to Compel Discovery (ECF No. 75 and ECF No. 77) are denied.

## I.

First, Plaintiff's Motion to Disregard the Motion for Leave to Amend (ECF No. 72) is granted.  Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 70) is withdrawn and the Court construes ECF No. 73 as the operative motion to amend the Complaint.

Next, Plaintiff's request for a telephonic status conference concerning his transfer to LCI (ECF No. 71) and a Court Order enforcing his access to the law library (ECF No. 72) are denied. A telephonic status conference is unwarranted at this time.  Decisions on whether to house an individual in a particular facility or grant that individual access to the law library are within the broad discretion of Ohio Department of Rehabilitation and Corrections ("ODRC").  It is not appropriate for the Court to micromanage or second guess operational decisions made by ODRC, particularly when such decisions concern the safety and security of incarcerated individuals and facility staff members.  If Plaintiff requires more time to prepare for and prosecute his claims relating to the present, he may so move.

(4:24CV1768)

## II.

Plaintiff moves for leave to file a second amended complaint.  ECF No. 73.  He claims that his proposed amendment is intended to clarify his existing claims, add newly discovered factual details, and ensure compliance with procedural and pleading standards.  ECF No. 73 at PageID #: 441.  He subsequently supplemented his Motion with the proposed amended complaint, which, although filed out of rule, the Court reviewed and considered.  ECF No. 79. For the reasons set forth below, Plaintiff's Motion for Leave to Amend would be futile and, therefore, is denied.

### A.  Standard of Review

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires."  As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Greer v. Strange Honey Farm*, 114 F.4th 605, 617 (6th Cir. 2024).  Rule 15(a) makes clear that the court has discretion when deciding whether to permit amendments.  *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 837 (6th Cir. 2015) ("Decisions as to when justice requires amendments are left to the sound discretion of the trial judge.").

Although *pro se* pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or fact.  *Brown v. Bargery*, 207 F.3d 863,

3

(4:24CV1768)

865–66 (6th Cir. 2000); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (affirming that § 1915(e) screening is applicable throughout the entire litigation process). Dismissal of a *pro se* pleading is appropriate when "the claim is based on an indisputably meritless legal theory." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998); *Neitzke v. Williams*, 490 U.S. 319, 323 (1989).

When resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe them in a light most favorable to Plaintiff.  *See Erickson*, 551 U.S. at 94 (citations omitted).  The Court need not accept as true any legal conclusions or unwarranted factual inference alleged in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012).  To survive a motion to dismiss, Plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted).  The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)).

**B. Plaintiff's Reasserted Claims**

The proposed amended complaint appears to reassert Plaintiff's claims relating to damages and injuries incurred due to a 2021 sewage backup, mailroom staff delaying and opening his legal mail in September 2024, and his Rules Infraction Board ("RIB") hearing in

4

(4:24CV1768)

October 2024 for stealing food.  ECF No. 79-1 at PageID ##: 502–09.  Plaintiff also includes additional information regarding Mr. Hickle's alleged deliberate indifference in confiscating his walking cane.  ECF no. 79-1 at PageID ##: 509–10, 518–22.  As it relates to Plaintiff's claims concerning the 2021 flood, the mailroom issues, and his October 2024 RIB hearing, the Court previously dismissed those claims on the merits for failure to state a claim.  ECF No. 53.  In addition, Plaintiff's Rule 59(e) motion was considered and denied.  ECF No. 63.  Under the law of the case doctrine, Plaintiff may not reassert claims previously dismissed under Rule 12(b)(6) in an amended complaint without leave of court.[1]  *Sunless, Inc. v. Palm Beach Tan, Inc.*, No. 5:21-cv-248, 2023 WL 11991325, at *8 (N.D. Ohio Mar. 31, 2023) (quoting *Sherley v. Sebelius,* 689 F.3d 776, 780 (D.C. Cir. 2012)) ("The purpose of the [law of the case] doctrine 'is to ensure that the *same* issue presented a second time in the *same* case in the *same* court should lead to the *same* result.'") (original emphasis).  The Court granted no such leave, and, in any event, nothing in the proposed amendment disturbs the Court's prior dismissal Order.

## C. The Proposed New Claims and Defendants

Next, the proposed amended complaint includes three new claims involving new facts and defendants from those alleged in the original complaint.  Because each amended claim is either futile or results in improper joinder under Fed. R. Civ. P. 20, Plaintiff's motion to amend (ECF No. 73) is denied.

### 1. May 2025 Infraction Ticket

---

[1] Excluding such claims from the second amended complaint does not prohibit Plaintiff from later appealing the Court's Order dismissing those claims at the conclusion of this case.  *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 616–17 (6th Cir. 2014) (holding that the district court's dismissal of the plaintiff's Fourth Amendment claims were not abandoned when they were not reasserted in the third amended complaint).

(4:24CV1768)

Plaintiff alleges that in May 2025, Sergeant Yemma issued Plaintiff an infraction ticket after ODRC officers searched Plaintiff's cell and found a "chip can with hooch[2] in it."  ECF No. 79-1 at PageID #: 510.  Plaintiff alleges Defendant Yemma violated ODRC policy, was deliberately indifferent, and abused his authority when he issued a ticket.  He further alleges that Defendant Smallwood removed the restrictions imposed because of the infraction ticket (to Plaintiff's benefit) but allowed it to remain on Plaintiff's record and permitted Sgt. Yemma to violate ODRC policy and Plaintiff's constitutional rights.  ECF No. 79-1 at PageID ##: 510–11.

Construing the allegations as true, the proposed amended complaint does not state a claim upon which relief may be granted.  To succeed on his 42 U.S.C. § 1983 claims, Plaintiff must allege: (1) his rights secured by the Constitution or federal law were violated; (2) by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In addition, to establish a claim for retaliation, Plaintiff must prove:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Helwig v. Pennington, 30 F. App'x 516, 519 (6th Cir. 2002) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)); see Cooperrider v. Wood, 127 F.4th 1019, 1036 (6th Cir. 2025) (same).  Plaintiff has not proposed allegations to satisfy either his § 1983 or retaliation claims against Defendants Yemma or Smallwood.

---

[2] "Hooch" is a slang term for an improvised alcoholic beverage made by prisoners.

6

(4:24CV1768)

Nothing in the proposed amendment identifies any constitutional right or federal law violated when Defendant Yemma issued Plaintiff a ticket for possessing an intoxicating substance. At most, Plaintiff complains that Defendant Yemma did not comply with ODRC policies when issuing the ticket. Even construing the allegations as true, noncompliance with state laws, regulations or procedures does not automatically constitute a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007) (citing *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2000)) ("[A] § 1983 claim may not be based upon a violation of state procedure that does not violate federal law."); *see also Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citing *Jones v. N.C. Prisoners' Lab. Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring)) ("Prison inmates do not have a constitutionally protected right to a grievance procedure."). Plaintiff merely asserts a conclusory allegation that Defendant Yemma acted with "deliberate indifference" and abused his authority by failing to follow ODRC policy. There are no facts demonstrating Defendant Yemma disregarded a serious health or safety risk or denied Plaintiff due process. In fact, Plaintiff does not contest that ODRC staff found "hooch" in his cell, instead arguing that it was not his and that he was not intoxicated. ECF No. 79-1 at PageID #: 510. Plaintiff grieved the ticket, which was denied.[3] ECF No. 79-1 at PageID ##: 523–25, Ex. K. Without more, allegations of non-compliance with state procedures or ODRC policies cannot support Plaintiff's § 1983 claim against Defendant Yemma. Therefore, amending the complaint to include such claims would be futile.

---

[3] Federal district courts are courts of limited jurisdiction—not appellate courts to which state prisoners may appeal ODRC's grievance decisions. Plaintiff may not camouflage his grievance appeals as § 1983 civil rights violations.

7

(4:24CV1768)

Plaintiff also alleges that Defendants Yemma and Smallwood retaliated against him. ECF No. 79-1 at PageID ##: 510–11.  This claim fails at the outset because Plaintiff did not allege that he was engaged in a protected activity.  To the extent Plaintiff intended the inference that his protected activity was filing the present action, there are no proposed allegations demonstrating that Defendant Yemma was aware of this lawsuit when he issued the infraction ticket.  ECF No. 79-1.  Thus, Plaintiff's retaliation claim against Defendant Yemma would be futile.

As it concerns Defendant Smallwood, he cannot be held liable for the alleged constitutional violations of his subordinates under a theory of *respondeat superior*. *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (citing *Peatross v. City of Memphis, Tenn.*, 818 F.3d 233, 241 (6th Cir. 2016)).  Rather, he can only be liable for his own conduct.  Therefore, Plaintiff cannot impose liability on Defendant Smallwood for Defendant Yemma's purported ODRC policy violations.

In any event, the proposed amended complaint fails to demonstrate causation between the present case and Defendant Smallwood's actions concerning the infraction ticket.  "To show causation, a complainant must point to 'specific, nonconclusory allegations reasonably linking her speech' to the adverse action." *Cooperrider*, 127 F.4th at 1036 (citing *Baily v. Bloyd Cty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 144 (6th Cir. 1997)) (cleaned up).  Plaintiff's assertion that Defendant Smallwood permitting the infraction ticket to remain on Plaintiff's incarceration record was motivated by this present lawsuit is speculative at best.  Indeed, Defendant Smallwood lifted the restrictions imposed by the ticket, to Plaintiff's benefit.  ECF No. 79-1 at PageID #: 510.  Not only are there no specific allegations that Defendant Smallwood was motivated by this case, but Plaintiff does not contest that the "hooch" was found in his cell,

(4:24CV1768)

thus supporting the issuance of the ticket in the first instance.  ECF No. 79-1 at PageID #: 510.

Accordingly, Plaintiff's § 1983 and retaliation claims against Defendants Yemma and

Smallwood regarding the May 2025 violation ticket would be futile.

> 2.  *Plaintiff's property deprivation claim*

Next, Plaintiff claims that in November 2025, he was sent to segregation and Limited

Privilege Housing for a physical resistance violation.  ECF No. 79-1 at PageID #: 511.  Officers

packed up Plaintiff's materials and marked his TV as a "loaner" because he did not have proof of

ownership.  ECF No. 79-1 at PageID #: 511.  Plaintiff makes conclusory statements that

Defendant Smallwood acted with "deliberate indifference," abused his authority, and retaliated

against Plaintiff by treating the TV as a "loaner" and contraband.

Plaintiff's proposed claim sounds in deprivation of property claim under the Fourteenth

Amendment.  A prisoner cannot succeed on a due process violation claim arising from a

"random and unauthorized" deprivation of property by a state employee if the state provides

adequate post-deprivation remedies such that the prisoner may seek relief.  *Thompson v.*

*DeAngelo*, No. 25-1419, 2026 WL 1196223, at *2 (6th Cir. Mar. 6, 2026) (citing *Hudson v.*

*Palmer*, 468 U.S. 517, 533 (1984)).  Under the *Parratt* doctrine, *see Parratt v. Taylor*, 451 U.S.

527 (1981), procedural due process claims may be dismissed if there is an adequate post-

deprivation remedy and: (1) the deprivation was unpredictable or random; (2) pre-deprivation

process was impossible or impracticable; and (3) the state actor was not authorized to take the

action depriving the prisoner of their property.  *Kennedy v. Boneville*, 413 F. App'x 836, 840

(6th Cir. 2011) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)).

In this case, Plaintiff claims that some Defendant Smallwood violated his due process

rights by confiscating his television, included false information in his report and grievance

9

(4:24CV1768)

responses, and failed to comply with ODRC policies.  ECF NO. 79-1 at PageID ##: 511–12, 526–33 Ex. L and M.  Construing these allegations as true, Defendant Smallwood's conduct constitutes a "random and unauthorized" state action and, therefore, not amenable to pre-deprivation process.  *See Thompson*, 2026 WL 1196223, at *2 (citing *Copeland*, 57 F.3d at 479).  ODRC provides prisoners with a grievance process to redress issues regarding property deprivation, to which Plaintiff availed himself.  ECF No. 79-1 at PageID #: 526–33, Ex. L and M.  Indeed, Plaintiff alleges that he received a replacement TV in January 2026, demonstrating the adequacy of the state post-deprivation procedures.  ECF No. 79-1 at PageID #: 512.  Because Plaintiff cannot demonstrate that post-deprivation state remedies were unavailable or inadequate, his due process claims are barred under the *Parratt* doctrine.

Moreover, and as discussed above, Defendant Smallwood cannot be held liable for his subordinates' purported constitutional violations under a theory of *respondeat superior*. *Venema*, 133 F.4th at 633.  Thus, to the extent Plaintiff attempts to impose liability on Defendant Smallwood for the conduct of the officers who physically confiscated the television, such claims fail.

Finally, Plaintiff's retaliation claim against Defendant Smallwood for confiscating his television also fails.  As stated above, Plaintiff must show that: (1) he engaged in a protected activity; (2) Defendant took an adverse action against him; and (3) some causal connection between elements one and two (*i.e.*, Defendant was motivated in part by Plaintiff's protected activity).  *Cooperrider*, 127 F.4th at 1036 (quoting *Josephson v. Ganzel*, 115 F.4th 771, 783 (6th Cir. 2024)).  Once again, Plaintiff's retaliation claim fails on the third prong.

Plaintiff must allege "specific, nonconclusory allegations reasonably linking" his protected activity to Defendant Smallwood's adverse action.  *Id*. at 1038.  At most, he makes a

10

(4:24CV1768)

conclusory assertion that Defendant Smallwood was motivated by the present lawsuit.  Such claims are speculative at best and there are no allegations in the proposed amended complaint supporting an inference that Defendant confiscated the television for retaliatory purposes.  *See Handy-Clay*, 695 F.3d at 539 (The Court "need not accept as true . . . an unwarranted factual inference.").  Indeed, the grievance record included in the proposed amended complaint indicates that the television was confiscated and deemed a "loaner" because Plaintiff lacked proof of ownership.  ECF No. 79-1 at PageID #: 526–33, Ex. L and M.  Plaintiff's disagreement with ODRC's findings does not establish retaliation.  Nothing indicates that these findings were motivated by anything other than Plaintiff's lack of documentation.  Without more, Plaintiff's retaliation claim relating to his television against Defendant Smallwood fails.

### 3. *Plaintiff's visitor restrictions*

Finally, Plaintiff alleges that Todd Aderholt, Anthony Davis, and Warden's Assistant Kleinknecht were deliberately indifferent, abused their authority, and retaliated against Plaintiff when they restricted his visitor communications after an investigation discovered that his Via Path account was being used to contact a phone number associated with Plaintiff's wife to organize a scheme to smuggle and distribute tobacco products within the facility.  ECF No. 79-1 at PageID ##: 512–16.  This proposed claim would be futile because it would result in improper joinder of parties and claims, requiring severance under Fed. R. Civ. P. 21.

Rule 20(a) limits joinder of parties, while Rule 18(a) limits joinder of claims.  Fed. R. Civ. P. 18(a) and 20(a).  Under Rule 18, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Rule 20(a) is narrower, providing that persons

> may be joined in one action as defendants if: (A) any right to relief
> is asserted against them jointly, severally, or in the alternative with

(4:24CV1768)

> respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  "Despite the broad language of Rule 18(a), [a] plaintiff may join multiple defendants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (quoting Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1655 (3d ed.); *Brown v. Chambers-Smith*, No. 1:25-cv-690, 2025 WL 1833132, at *2 (S.D. Ohio July 3, 2025) (McFarland, J.) (holding that the plaintiff could not join the two defendants under Rule 20 because although the claims against both were similar, they each arose from different transactions).

The proposed amended complaint in this case attempts to assert new claims against new defendants for incidents wholly unrelated to the original complaint.  Specifically, Plaintiff's claims against Todd Aderholt, Anthony Davis, and Warden's Assistant Kleinknecht arise out of a 2026 investigation into Plaintiff's alleged misuse of his Via Path account and a purported scheme to obtain and sell illegal tobacco products to other inmates.  ECF No. 79-1 at PageID #: 512.  None of the allegations relate to Plaintiff's original complaint concerning the 2021 flood, mailroom interference, the October 2024 RIB hearing, or his medical deliberate indifference claims.  Accordingly, Plaintiff's proposed amended complaint fails to satisfy the first element under Rule 20(a), and would result in improper joinder of defendants.  Permitting Plaintiff to assert unrelated claims against new defendants would essentially be permitting him to bypass the filing fee requirements of 28 U.S.C. § 1915(b)(1), and undermine the purpose of the PLRA.  *See Armstead v. Baldwin*, No. 2:24-cv-4110, 2025 WL 2711370, at *3 (S.D. Ohio Sept. 23, 2025)

(4:24CV1768)

(citing *Gresham v. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *7 (W.D. Mich. Jan. 6, 2016) (collecting cases)).  Plaintiff is free to assert these claims in a separate action, subject to the initial screening process under § 1915 and § 1915A.

Moreover, and to the extent Plaintiff alleges Todd Aderholt, Anthony Davis, and Warden's Assistant Kleinknecht were retaliating against him, such claims are meritless.  Nothing in the proposed amended complaint even hints that Defendants Aderholt or Kleinknecht were aware of Plaintiff's pending lawsuit or any other protected activity, let alone motivated by it. Neither does the proposed amended complaint include specific allegations demonstrating any causal connection between Defendant Davis' decision to revoke visitor privileges and the present case.  As with Plaintiff's other proposed retaliation claims, such allegations are speculative at best and are unsupported by any material fact.  *See Amstead*, 2025 WL 2711370, at *4 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)) ("Not every claim of retaliation by a disciplined prisoner, who has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment.  Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred.").

Accordingly, Plaintiff's proposed amended complaint would be futile and, therefore, his Motion for Leave to Amend the Complaint (ECF No. 73) is denied.  Consistent with the Case Management Plan (ECF No. 68), the cutoff to amend the pleadings has now expired.  No further amendments shall be considered.

### III.

Plaintiff filed two Motions to Compel Discovery (ECF No. 75 and ECF No. 77). Defendants oppose.  ECF No. 78.  Plaintiff replied.  ECF No. 81 and ECF No. 82.  Under Rule 37, a motion to compel is appropriate when one party fails to respond to a discovery request or

13

(4:24CV1768)

when the responses are evasive or incomplete.  Fed. R. Civ. P. 37(a)(3)–(4).  The Northern District of Ohio Local Rules require parties to certify that they have made "sincere, good faith efforts to resolve" discovery disputes *before* bringing them to the Court's attention.  L.R. 37.1. The Case Management Plan also requires the parties to comply with L.R. 37.1 and explicitly lays out the process for filing a discovery dispute.  In particular, Paragraph 11 explicitly states that "[a] discovery motion should only be filed <u>after</u> having been solicited by the Court."  ECF No. 68 at PageID #: 426, ⁋ 11 (original emphasis).  Plaintiff did not include the required certification that he made any effort, let alone "sincere, good faith efforts" to resolve this dispute.  Neither did the Court solicit either of Plaintiff's discovery motions.  Indeed, nothing in Plaintiff's motions or his reply (*see* ECF No. 81 and ECF No. 82) demonstrates that he did anything more than submit discovery requests to Defendants, and then immediately filed a motion to compel when the responses were not to his liking.  Plaintiff made no effort to speak with opposing counsel or resolve his discovery concerns.

Accordingly, Plaintiffs motions to compel (ECF No. 75 and ECF No. 77) are denied without prejudice.  Parties are ordered to meet and engage in good-faith efforts to resolve any pending discovery disputes.  If the disputes persist, the parties may seek Court assistance in accordance with the procedures set forth in the Case Management Plan.  ECF No. 68.

Plaintiff is further admonished that he must comply with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Ohio, and the Case Management Plan (ECF No. 68) concerning discovery issues and disputes.

## IV.

Finally, Plaintiff moves for an Order to treat "all filings and Orders from the Court [] as legal mail."  ECF No. 76.  The motion is granted, as explained below.

14

(4:24CV1768)

Ohio regulations provide separate procedures for inspecting an inmate's incoming mail. Ohio Admin. Code § 5120-9-17(B).  "Regular mail" can be opened and inspected by ODRC staff outside the inmate's presence, while "legal mail" may only be opened and inspected in the inmate's presence.  Ohio Admin. Code § 5120-9-17(B)(2); *see Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) ("[M]ail from a court constitutes 'legal mail' and cannot be opened outside the presences of a prisoner who has specifically requested otherwise.").  Under the Ohio Administrative Code, "legal mail" means "mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, ***court of law***, or correctional institution inspection committee."  Ohio Admin. Code § 5120-9-17(B)(2) (emphasis added).

Because filings and orders from the Court constitute "legal mail" and Plaintiff has explicitly requested that "filings and Orders" from the Court be opened in his presence, ECF No. 76, it is Ordered that, if filings or Orders from the Court is opened by prison staff, that mail must be opened in the presence of Plaintiff and done within a reasonable time of its receipt by the prison.

## V.  CONCLUSION

For the foregoing reasons, the Court Orders the following:

1.      Plaintiff's Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15 (ECF No. 70) is withdrawn.

2.      Plaintiff's Motion for a Telephonic Status Conference regarding his transfer to the LCI (ECF No. 71) is denied.

3.      Plaintiff's Motion for Order to Enforce his access to the law library (ECF No. 72) is denied.  Plaintiff's Motion to Disregard ECF No. 70 (ECF No. 72) is granted.

15

(4:24CV1768)

4. Plaintiff's Amended Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15 (ECF No. 73) is denied.

5. Plaintiff's Motions to Compel Discovery (ECF No. 75 and ECF No. 77) are denied.  Parties are Ordered to meet and confer in good faith to resolve any discovery disputes prior to requesting Court assistance.  Parties are further Ordered to comply with the discovery dispute resolution procedures set forth in the Case Management Plan.  *See* ECF No. 68 at PageID #: 426, ⁋ 11.

6. Plaintiff's Motion for an Order to Treat All Filings as Legal Mail (ECF No. 76) is granted.  It is Ordered that, if filings or Orders from the Court are opened by prison staff, that mail must be opened in the presence of Plaintiff and done within a reasonable time of its receipt by the prison.

IT IS SO ORDERED.


 June 15, 2026                                      */s/ Benita Y. Pearson*
 Date                                               Benita Y. Pearson
                                                    United States District Judge

16